Honorable Randall L. Sherrod Criminal District Attorney Randall County Courthouse Canyon, Texas 79015
Re: Handling of funds received by counties under article 5.19b of the Election Code
Dear Mr. Sherrod:
Article 5.19b of the Election Code provides for reimbursement by the state to each county of expenses incurred by voter registrars in registering new voters and in cancelling invalid voter registration certificates. You ask the following three questions concerning the disposition of funds received pursuant to this provision:
 1. Do the voter registration funds received under article 5.19b, Election Code, properly belong in the county treasurer's office? (Presently the treasurer maintains the checkbook on this account in the county depository as a non-interest bearing fund).
 2. Is action of the commissioners court required before any of the subject funds can be disbursed?
 3. Subdivision 4 of article 5.19b provides that these funds are to be used for defraying expenses of the registrar's office in the registration of voters. Please define the type of expenses of that office which would qualify for such payment.
First, you ask whether funds received pursuant to article 5.19b of the Election Code should be deposited with the county treasurer. Subdivision 4 of article 5.19b specifically provides that `[a]ll money received by a county under this section shall be deposited in the county treasury in a special fund to be used for defraying expenses of the registrar's office in the registration of voters.' See also V.T.C.S. art. 1709. It is beyond cavil that any funds received pursuant to article 5.19b of the Election Code must be deposited with the county treasurer in the county depository and kept in a special fund.
Second, you ask whether action taken by the commissioners court is required before any of the subject funds can be disbursed. We answer your question in the affirmative. Article 5.19b of the Election Code is silent on this issue. However, article 1709, V.T.C.S., provides that
 [t]he County Treasurer, as chief custodian of county finance, shall . . . pay and apply or disburse the same [i.e. all moneys belonging to the county], in such manner as the Commissioners Court may require or direct, not inconsistent with constituted law.
Finally, you ask what types of expenses may be reimbursed to the county from these funds. Article 5.19b of the Election Code does not delineate a list, exclusive or otherwise, of such expenses. Article 5.19b, subdivision 4, provides only the following in pertinent part:
 All money received by a county under this section shall be deposited in the county treasury in a special fund to be used for defraying expenses of the registrar's office in the registration of voters. None of the money shall be deemed to be fees of office or be retained by the registrar as fees in counties where the registrar is compensated on a fee basis. (Emphasis added).
Our examination of the legislative history indicates that the legislature did not intend that funds received pursuant to article 5.19b of the Election Code be expended in a particular manner. We conclude that the funds may be used for defraying any reasonable expenses incurred by the registrar's office in the registration of voters. Such expenses could include, but are not necessarily limited to, salaries of deputy registrars or the establishment of registration places in the county, see Elec. Code art. 5.20a, or the distribution of application forms at high school graduation exercises. See Elec. Code art. 5.20b. We note, however, that any expenses of the registrar in excess of reimbursements received pursuant to article 5.19b of the Election Code must be borne by the county. See Elec. Code art. 5.09a, subsection 3.
 SUMMARY
(1) Funds received pursuant to article 5.19b of the Election Code must be deposited in the county treasury in a special fund. (2) Action taken by the commissioners court is required before any of the subject funds can be disbursed. (3) The funds must be used for defraying reasonable expenses incurred by the registrar's office directly attributable to costs of registering voters.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General